**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| PERCEPT TECHNOLOGIES, INC., | |
| Plaintiff, | 2:18-cv-00029-RFB-VCF |
| vs. | **ORDER** |
| BEIJING 7INVENSUN TECHNOLOGY CO. LTD., | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Serve Defendant by Alternative Means (ECF NO. 13).

Plaintiff seeks an order permitting Plaintiff to serve the Defendant by alternative, electronic means – by email.

**A.    Background**

This is an action by Percept Technologies, Inc.  Plaintiff alleges that Defendant has transacted business in the States of Nevada, and in this judicial district by making, using, selling, or offering to sell and providing technology and services that violate Percept's patent.  Defendant demonstrated its aGlass product, the subject of this lawsuit, at the Consumer Electronics Show in Las Vegas, Nevada on January 5 to 8, 2017 and January 9-12, 2018 in Las Vegas, Nevada.  Plaintiff states that Defendant is a Chinese corporation with its principal place of business believed to be in Beijing, China.

**B.    Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period." The courts determine "good cause" on a case-by-case basis and, at a minimum, good cause means excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (defining "good cause" under Fed. R. Civ. P. 4(m)). To establish good cause, a plaintiff must show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. Rule (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A). Here, Defendant is believed to reside in a foreign country. The 90-day rule prescribed under Rule 4(m) does not apply. *Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991) ("We agree with the district court that the plain language of Rule 4(j) makes the 90–day service provision inapplicable to service in a foreign country, and so hold"); *Panliant Fin. Corp. v. ISEE3D, Inc.*, No. 2:12–CV–01376–PMP, 2014 WL 7368847, 5, 999, Slip Copy (D. Nev. Dec. 29, 2014) ("Rule 4(m)'s 90–day limit does not govern service of a foreign defendant").

Federal Rule of Civil Procedure 4(f)(3) provides that: "Unless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States… by other means not prohibited by international agreement, as the court orders." Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The alternative method of service must, however, comport with due process. *Id.* at 1016. Due process requires that a defendant in a civil action be given notice of the action in a manner that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objections to it. *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make an appearance." *Id.* (citations omitted.) "[I]f . . . these conditions are reasonably met, the constitutional requirements are satisfied." *Id.* at 314-315 (emphasis added).

The district court may extend time for service of process retroactively after the 90-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**C.    Analysis**

Plaintiff's complaint was filed on January 8, 2018. (ECF No. 1). The deadline to effectuate service of process has passed. *Id*; Fed. R. Civ. P. 4(m). Plaintiff's motion does not request an extension to effectuate service of process.

In Plaintiff's instant motion, Plaintiff argues that good cause exists because service by email is the only reasonable method of service under the circumstances. Plaintiff has made several attempted services of process on Defendant. On January 29, 2018, Plaintiff attempted service on Defendant at the 2018 CES Conference in Las Vegas, Nevada, but counsel for Defendant claimed service was ineffective and demanded service via the Hague Convention. (ECF No. 13). In May 2018, via the Hague Convention, Plaintiff hired Crowe Foreign Services to attempt service of process on Defendant at Room 622, Block A, Zhongguancun e-plaza, Fortune Centre, Haidian District, Beijing, China 100080. Service of process was not successful. (ECF No. 13-1, page 6).

Plaintiff states that a second attempt at service by the Hague Convention would be unreasonably long, expensive, and uncertain. (ECF NO. 13 at page 6).

Plaintiff believes that Defendant has already received a copy of the complaint in this matter through its counsel, Jason Xu at White & Case. Plaintiff seeks to effectuate service of process by email on Defendant at the email addresses listed below and on Defendant's outside counsel, Jason Xu at White & Case.

Plaintiff states that following email addresses can be used to contact Defendant:

1. business@7invensun.com

2. pr@7invensun.com

3. overseabusiness@7invensun.com

4. hr@7invensun.com

Given the circumstances, the court finds good cause exists for Plaintiff to serve Defendant via email. This alternative method of service meets the due process requirement under Federal Rule of Civil Procedure 4(f)(3). Here, Defendant would also receive the Summons and Complaint via the email addresses listed above and to Defendant's outside counsel, Jason Xu at White & Case.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Serve Defendant by Alternative Means (ECF NO. 13) is GRANTED.

DATED this 17th day of September, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE